HOBSON, Justice
(dissenting).
With appropriate respect for the view expressed by the author of the majority opinion and for those concurring therein, I pen my dissent. I agree that a circuit judge with the sanction of the Supreme Court of Florida, may appoint a committee composed of members of the Bar within his circuit if said circuit judge has had presented to him complaints or charges against a designated member of the Bar, or members thereof, as distinguished from innuendoes, predicated upon gossip, levelled in “shotgun” fashion at lawyers as a group in a given area or community. However, I cannot agree and never will agree that every circuit judge in this state (13 others in Dade County and throughout the state this would mean 70, or perhaps 80 odd committees) may appoint a committee to police the bar, absent specific charges against some member or members thereof.
If and when this court should authorize circuit judges to discipline attorneys, no circuit judge should appoint a constant committee with carte blanche authority and with the power of subpoena to investigate at its pleasure attorneys generally and thereby stigmatize one or more throughout his, or their lifetime, innocent though he or they, may be. This “dragnet” procedure is inimical to my concept of our individual constitutional guaranties. In such an operation a few guilty persons may be ensnared, but many innocent attorneys would undoubtedly be tarred with the same brush in the minds of the public and thus be irreparably harmed. In no event should a circuit judge appoint an investigating committee until and unless definite bona fide charges are presented which satisfy him that probable cause exists to believe that a named attorney or attorneys has, or have violated some one or more of the canons of ethics.
From the record before us I have concluded that the circuit judge appointed this committee because of general criticism stemming largely from newspaper articles condemning the Bar in general without reference to specific members thereof or specific accusations. Apparently the criticism was predicated upon suspicion, innuendo and what is generally classified as gossip. There is no showing which I have been able to find in this record that prior to the appointment of the committee any one member, or more than one member, of the Dade County Bar has, or have, conducted himself, or themselves, in such manner as to give rise to probable cause that he, or they, has, or have, been guilty of unethical conduct or convicted of a crime involving moral turpitude which would subject him, or them, to disciplinary action.
A general investigating committee should not be appointed by a circuit judge with powers of subpoena, and authority to decide in the place and stead of said judge, the bona fides of a complaint or complaints and thereafter, upon an affirmative determination of such question, the committee or some member thereof walk authoritatively in at its or his pleasure, to a lawyer’s office and compel him to hand over all of his books and records. Such procedure would be some *8 what similar to giving a deputy sheriff a carte blanche search warrant and telling him that whenever he suspects any citizen is guilty of a crime that he, said deputy sheriff, may simply fill in the warrant, walk into any citizen’s home and search the premises to determine whether his suspicion is justified. In my opinion, we should zealously withhold our approval of any procedures that indicate a turning in the direction of those philosophies which are antithetical to the philosophy of government which was propounded by our forefathers. Our adherence to, and prepetuation of, that philosophy so careful to protect the individual from abuse by the sovereign, has made this nation great.
The point which I am attempting to make, simply stated, is that circuit judges, if and when so empowered, or a grievance committee of the Integrated Bar may investigate bona fide charges against an attorney or appoint a committee to do so. However, no “dragnet” committee should ever be appointed, nor should an investigating committee be appointed as the alter ego of a circuit judge or of the grievance committee of the Integrated Bar until or unless express charges or complaints are filed. The establishment of a surveillant committee cannot be accepted by true Americans who believe in the concept of individual rights and freedom. The creation of a searching committee without pin-pointed or concrete charges is premature.
Section 23 of Article V of the Florida Constitution places in this court exclusive jurisdiction over disciplinary matters relating to attorneys; and no other tribunal, organization or committee can be vested with such power except, unless and until it is lawfully delegated to them by this court. There has been no such delegation of power at any time to carry on a disciplinary investigation of the type and kind here involved.
Nothing herein contained is intended to be considered as criticism of the able circuit judge who appointed this committee. He selected a committee of outstanding members of the Bar who, I am sure, have carried out what they conceived to be their duty. But it is beside the point to say that these estimable gentlemen would not think of abusing their power. Our thoughts must be focused upon the fact that carte blanche authority could lead to irreparable injury. The learned circuit judge, in my opinion, merely committed error by appointing the subject committee prematurely which, if true, simply proves that he is human.
I, therefore, respectfully but steadfastly dissent from the majority opinion.
THOMAS, C. J., and ROBERTS, J., concur.